RECEIVED
2004 NOV 15 P 3:08
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE M. PATTERSON, | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 2:04cv1104-M |
| v. | ) |
| | ) |
| AMERIQUEST MORTGAGE | ) |
| COMPANY, INC., a corporation, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## COMPLAINT

### PARTIES

1. Plaintiff **JOYCE M. PATTERSON** is an individual over the age of nineteen (19) years and resides in Greenville, Alabama.

2. Defendant **AMERIQUEST MORTGAGE COMPANY (AMERIQUEST)** is a Delaware Corporation qualified to do business in Alabama.

### JURISDICTION & VENUE

3. This court has federal question subject matter jurisdiction over the issues herein pursuant to *15 U.S.C. § 1601 et. seq.,* Federal Truth In Lending Act; and, *12 U.S.C. §2601 et. seq.,* Real Estate Settlement Procedures Act. Although no direct claims are brought pursuant to these federal statutes, Plaintiff's claims of Negligence Per Se are predicated upon violations of these statutes.

4. The court has pendent jurisdiction over the state law claims contained herein.

5. The Court has personal jurisdiction over Plaintiff as a resident of Butler County, Alabama.

6. The Court has personal jurisdiction over AMERIQUEST as a qualified Alabama corporation that has engaged in continual and systematic business dealings within Alabama that satisfy the minimum contacts requirement of Alabama's Long Arm Statute.

7. Venue is proper in this Court in that the Plaintiff is a resident of Butler County, Alabama; the real property made the basis of this action is situated in Butler County, Alabama; the transaction made the basis of this action occurred in Butler County, Alabama; and, the Defendant AMERIQUEST has in fact engaged in continual and systematic business dealings within Butler County, Alabama.

## FACTUAL ALLEGATIONS

8. AMERIQUEST is engaged in a nationwide, high volume, direct marketing campaign to sell home mortgage products by use of interstate telephone solicitations, the Internet, and the U. S. Mail.

9. In or about September 2002, AMERIQUEST solicited Plaintiff for a refinance of the existing mortgage loan on her primary residence located at 219 Aaron Drive, Greenville, Alabama 36037.

10. Plaintiff engaged in conversations about the proposed refinance with loan officer Cynthia Henderson through a Birmingham office of AMERIQUEST in September 2002.

11. The loan officer verbally informed Plaintiff that AMERIQUEST could refinance her home, pay off certain other debts owed by Plaintiff, and provide Plaintiff with an undetermined amount of cash from the equity in her home.

12. Plaintiff was verbally promised a lower interest rate then she received at closing by AMERIQUEST through Henderson. Plaintiff was also promised a fixed rate note. The note was changed to an Adjustable Rate Note.

13. All pre-closing disclosures provided to Ms. Reed were incomplete, wrong, and/or changed at closing.

14. On or about September 23, 2002 the loan was closed. The loan was assigned number 0038732640-5619.

15. AMERIQUEST failed to honor the loan terms quoted to Plaintiff by its loan officer.

## COUNT I

## NEGLIGENCE

16. Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

17. Defendant AMERIQUEST was negligent in the marketing, origination, processing, underwriting, closing, and funding of Plaintiff's residential mortgage application and loan. Their conduct fell below the standard of care for mortgage lenders and as a direct and proximate result Plaintiff was damaged as set out below. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

18. Defendant AMERIQUEST negligently performed quality control on loan files they originated, processed, underwrote, closed and funded. Their conduct fell below the standard of care for mortgage lenders and as a direct and proximate result Plaintiff was damaged as set out

3

below. To the extent AMERIQUEST'S conduct was reckless or wanton, Plaintiff seeks punitive damages.

**19.** Defendant AMERIQUEST negligently failed to timely, accurately, and completely inform Plaintiff of the details and costs of her transaction. Their conduct fell below the standard of care for mortgage lenders and as a direct and proximate result Plaintiff was damaged as set out below. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**20.** Defendant AMERIQUEST negligently or recklessly misrepresented the terms of her loan to Plaintiff. Their conduct fell below the standard of care for mortgage lenders and as a direct and proximate result Plaintiff was damaged as set out below. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**21.** Although under no duty to so, AMERIQUEST undertook to originate, process, close, fund and service a mortgage loan for Plaintiff. They did so negligently or recklessly and as a proximate result Plaintiff was injured as set forth below. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**22.** Defendant AMERIQUEST breached their legal, contractual and/or assumed duty of reasonable care to Plaintiff. As a proximate result Plaintiff was injured as set forth below. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands judgment from Defendant AMERIQUEST for compensatory and punitive damages in an amount to be awarded by a jury.

## COUNT II

## NEGLIGENT SUPERVISION

23. Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

24. Defendant AMERIQUEST negligently hired, retained, trained and/or supervised its agents and employees. The Defendant failed to promulgate, implement, communicate and enforce rules, systems and/or procedures which, if reasonable, would have prevented the wrongful conduct afore-stated. Their conduct fell below the standard of care for mortgage lenders and as a direct and proximate result Plaintiff was damaged as set out below. To the extent AMERIQUEST'S conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands judgment from AMERIQUEST for compensatory and punitive damages in an amount to be awarded by a jury.

## COUNT III

## EQUITABLE ESTOPPEL

## PREDATORY LENDING

## UNCONSCIONABLE CONDUCT

25. Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

26. Defendant AMERIQUEST engaged in unconscionable, deceptive and predatory practices in order to induce Plaintiff to consummate the mortgage loan made the basis of this lawsuit. The transaction unjustly enriched the Defendant and harmed the Plaintiff.

27. All pre-closing disclosures provided to Plaintiff were false, untimely, inaccurate, and meant to deceive, confuse and frustrate. The absence of all Good Faith in the dealings by the Defendant with the Plaintiff was predatory, unconscionable, and deceptive.

28. As a proximate result of Defendant's wrongful conduct Plaintiff was damaged as set forth below and is entitled to equitable relief.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands judgment from AMERIQUEST for compensatory and punitive damages in an amount to be awarded by a jury.

## COUNT IV

## FRAUD

29. Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

30. Defendant AMERIQUEST fraudulently, intentionally, or through mistake concealed, suppressed or misrepresented the terms of Plaintiff's loan. The factual basis for this claim, including specific persons and timing as currently known by Plaintiff are set forth in the Factual Allegations paragraphs above.

31. Defendant AMERIQUEST is engaged in a pattern and practice of misinforming consumers including Plaintiff, of the terms of their loans. The practice is consummated on unwary consumers through the use of verbal pre-closing disclosures followed by untimely and inaccurate written disclosures. The consumers are baited with one deal then switched to another more costly deal at closing.

6

32.     Through a pattern and practice of misinformation; provision of inaccurate written pre-closing disclosures; promissory fraud through verbal offers; and concealment of final loan terms until closing; Plaintiff was provided with an incomplete picture of the transaction and was deceived.

33.     Plaintiff reasonably and justifiably relied upon the misrepresentations of the Defendant to her detriment.  As a direct and proximate result Plaintiff was injured as set forth below.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands judgment from AMERIQUEST for compensatory and punitive damages in an amount to be awarded by a jury. To the extent AMERIQUEST'S conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

### COUNT V

### NEGLIGENCE PER SE

34.     Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

35.     Defendant AMERIQUEST failed to comply with pre-closing disclosure requirements mandated by the Real Estate Settlement Procedures Act and the Truth in Lending Act.  Their conduct fell below the standard of care in the mortgage industry and violated said regulations promulgated for the benefit of the Plaintiff and other similarly situated citizens, including but not limited to 15 U. S. C. §1638.  Their conduct amounts to Negligence Per Se.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands judgment from AMERIQUEST for compensatory damages.  To the extent AMERIQUEST'S conduct was

reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff demands punitive damages.

## COUNT VI

## DAMAGES

36. Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

37. Defendant's wrongful conduct as stated above proximately injured Plaintiff as follows:

   a. Plaintiff suffered and will continue to suffer substantial economic loss and expense.

   b. Plaintiff suffered and will suffer in the future emotional distress and mental anguish.

38. To the extent Defendant's wrongful conduct was reckless; intentional; wanton; unconscionable; part of a pattern and practice to misinform or deceive; part of a pattern and practice of "bait and switch"; and/or predatory, Plaintiff is entitled to and demands punitive damages.

39. To the extent Defendant's wrongful conduct, if allowed to continue, would be unjust and inequitable, Plaintiff is entitled to equitable relief.

## PRAYER FOR RELIEF

40. Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

41. Plaintiff demands judgment as set out below from the Defendant:

   a. Compensatory and actual damages in an amount to be awarded by a jury;

    **b.**    Punitive damages in an amount to be awarded by a jury;

    **c.**    Equitable relief as follows:

        **i)**    Refund and/or waiver of all finance charges, principle and fees paid to date on his mortgage note;

        **ii)**    Release of Defendant's security interest, if any, in the subject property;

        **iii)**    Rescission of the loan/mortgage; and,

        **iv)**    Other relief as the court deems necessary to do equity.

    **d.**    Post judgment interest.

    **e.**    Costs of this proceeding.

Respectfully Submitted,

_____
ROBERT E. KIRBY, JR.
(ASB-4641-I70R)
Attorney for Plaintiff
KIRBY & ASSOCIATES, LLC
3180 Cahaba Heights Rd., Ste. A
P.O. Box 430243
Birmingham, AL  35243
Office:          (205) 298-7887
Fax:              (205) 298-7874
Email:          rekirby@bellsouth.net

**PLAINTIFF HEREBY DEMANDS A STRUCK JURY
IN THE TRIAL OF THIS CAUSE**

_____
OF COUNSEL

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT, AS FOLLOWS:**

AMERIQUEST MORTGAGE COMPANY, INC.
c/o NATIONAL REGISTERED AGENTS, INC.
150 S. PERRY ST.
MONTGOMERY, AL 36104